IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALFONSO SINGLETON,
    Plaintiff,

vs.                                                      Case No.:  1:05cv82/MMP/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for Supplemental Security Income benefits under Title XVI of the Social Security Act (Doc. 1).  Pending is Defendant's Motion to Remand pursuant to sentence four of Title 42 U.S.C. § 405(g), in which Defendant seeks a reversal, remand, and entry of a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure (Doc. 22).  Plaintiff has certified that he has no objections to this motion (Doc. 25).

        Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The Commissioner states that remand is appropriate to enable the Administrative Law Judge to:

> further evaluate the opinions of the treating and examining medical source opinions in the record.  The ALJ will articulate what weight he affords their opinions, and if he departs from their opinions, he will state specific grounds for doing so.  The ALJ will then reevaluate Plaintiff's residual functional capacity (RFC) and provide a specific rationale for the RFC determination.  The ALJ will also review Plaintiff's earnings record and determine whether Plaintiff has worked at the substantial gainful activity level.  If Plaintiff has no past relevant work, the ALJ will proceed to step five

of the sequential evaluation process.  If the ALJ determines that Plaintiff has past relevant work, he or she will specify its exertional and nonexertional functional demands as performed by Plaintiff or in the national economy, and compare such demands to Plaintiff's RFC prior to determining whether Plaintiff could return to his past relevant work.  If Plaintiff is unable to perform his past relevant work, the ALJ will proceed to step five of the sequential evaluation process and obtain vocational expert testimony to determine if Plaintiff can perform any other work which exists in the national economy.  If the ALJ relies on Plaintiff's noncompliance in finding him not disabled, the ALJ must cite specific medical evidence showing that, but for Plaintiff's noncompliance, he would be capable of performing work on an ongoing basis.  In making this determination, the ALJ will consider Plaintiff's mental illness as well as his borderline intellectual functioning.

(Doc. 22, Memorandum in Support at 1-2).  Good cause has been shown for remand.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Defendant's Motion to Reverse and Remand (Doc. 22) be **GRANTED**, that the Commissioner's decision denying benefits be **REVERSED**, and that a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure be entered.

2.  That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.  That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

At Pensacola, Florida, this 9th  day of January 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  1:05cv82/MMP/EMT