IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALFONSO SINGLETON,
    Plaintiff,

vs.                                    Case No.: 1:05cv82/MMP/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court upon Plaintiff's Motion for Attorney Fees Under The Equal Access to Justice Act (EAJA) (Doc. 30) and Defendant's response thereto (Doc. 31). Plaintiff seeks an award of fees in the amount of $1,175.54 (Doc. 30 ¶ 5). Defendant has responded to Plaintiff's motion and does not contest the amount requested (Doc. 31).

       The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

       In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993), the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner under sentence four (*see* Docs. 26, 27). The application was timely filed, and the Commissioner's position was not substantially justified. Defendant does not disagree that fees should be paid in this case (*see* Doc. 31). Accordingly, Plaintiff is entitled to fees.

       With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

. . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 6 hours expended in 2005 at the rate of $155.59 per hour ($933.54), and for 1.5 hours expended in 2006 at the rate of $161.33 per hour ($242.00), in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that she does not contest attorney fees totaling $1,175.54, based upon these hourly rates. This court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases (*see, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005)) and that the time expended by Plaintiff's counsel is reasonable.

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion For Attorney Fees (Doc. 30) be **GRANTED** as follows:

>    Plaintiff's counsel, N. Albert Bacharach, Jr., Esquire, is entitled to recover fees in the amount of $1,175.54 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 7th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit**

Case No.: 1:05cv82/MMP/EMT

**the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**